Isaac T. JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12513.

Criminal Court of Appeals of Oklahoma.

Nov. 13, 1957.

Todd & Carpenter, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Isaac T. Jones, plaintiff in error, hereinafter referred to as defendant, was charged by information in the municipal court of the City of Tulsa, with the offense of operating a motor vehicle upon a public highway in the city of Tulsa while under the influence of intoxicating liquor, was tried before a jury and convicted, but the jury being unable to agree upon the punishment left that to the court, and punishment was fixed at confinement in the county jail for ninety days, and to pay a fine of $250.

For reversal two propositions are advanced:

(1) "The evidence is insufficient to prove the corpus delicti of the crime of driving an automobile upon a public highway while under the influence of intoxicating liquor.

(2) "The punishment assessed by the lower court is excessive."

■ Considering the first proposition. We have carefully read the record and find that contrary to the contention of counsel, there was competent evidence submitted to the jury on the question of whether or not defendant was driving the Ford automobile involved in an accident at the intersection of Thirty-sixth and Peoria Streets, in Tulsa. The prosecuting witness, Elmer Bortzfield said that at about 6 P.M. on December 1, 1956, there was a red signal light on at this intersection, and a station wagon in front of witness, and that he had stopped his car six or eight feet behind the station wagon. In about thirty seconds a 1946 Ford car ran into the rear of the car of witness. Witness further testified that the impact caused his car to crash into the rear of the station wagon just ahead of him. Witness next noticed the 1946 Ford about twenty feet to the rear of his car with the defendant standing by the left front side of the Ford, next to the steering wheel. A traffic officer soon arrived. At that time defendant denied to the traffic officer that he had been driving the car, and claimed that he had been standing across the street, and he then commenced to walk away. The officer found a pint whiskey bottle in the Ford which was partially filled.

Traffic officer D. McAnally testified that the front end of the Ford was damaged and the rear end of the Bortzfield car was damaged, and also the front end where it had been pushed into the station wagon in front. He said that defendant Jones at first denied knowing who the Ford belonged to, and claimed that he was just walking down the street. But witness said that defendant finally admitted that he was driving the Ford at the time of the accident. Witness said that defendant smelled of an alcoholic beverage of some kind, that his face was flushed, his eyes "lit up" and that he considered him intoxicated and placed him under arrest. He said that at the Tulsa Police station defendant was given a number of manual tests for intoxication and failed them. He was also given the intoximeter test, and failed that. There was competent evidence to so show. Officer Suttle also testified that the defendant finally admitted to him that he was the driver of the Ford car, though he at first denied that he was.

The defendant did not testify and offered no evidence. We find the evidence ample to support the verdict of the jury.

■ The argument that the sentence is excessive must fail in view of the fact of the accident was one where persons may have been injured or killed. Then, the conduct of the defendant in denying knowing anything about the Ford car, or that he was the driver, in view of his later admissions, and the circumstances showing that he was the driver, do not recommend further leniency. The sentence might have been a fine of $500, and confinement in jail for one year. 47 O.S.Supp.1955, § 93.

The judgment appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.